Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4496 | **DATE** | 9/25/2000 |
| **CASE TITLE** | In Re: In re: Keck, Mahin & Cate | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the decision of the bankruptcy court granting Keck, Mahin & Cate's motion to dismiss claimant Jerry Krim's proof of claim and denying the motion for class certification is hereby affirmed.**

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
|    KECK, MAHIN & CATE, | ) | Judge Wayne R. Andersen |
| | ) | |
|                 Debtor, | ) | No. 99 C 4496 |
| JERRY KRIM, | ) | |
| | ) | Appeal from the |
|                 Plaintiff, | ) | United States |
| | ) | Bankruptcy Court |
| v. | ) | for the Northern |
| | ) | District of Illinois, |
| KECK, MAHIN & CATE, | ) | Eastern Division |
| | ) | |
|                 Defendant. | ) | Judge Ronald Barliant |
| | ) | 97 B 38580 |
| | ) | Chapter 7 |

**MEMORANDUM OPINION AND ORDER**

This is an appeal by the claimant-appellant Jerry Krim ("Krim") from a final ruling of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, granting the motion of the debtor-appellee Keck, Mahin, & Cate ("Keck") to dismiss Krim's proof of claim and denying his petition for class certification. The principal issues are whether the bankruptcy court erred in barring Krim's motion for class certification under the doctrine of collateral estoppel and whether the bankruptcy court erred in finding that the proof of claim failed to state a claim upon which relief could be granted.

Krim contends that he should not have been collaterally estopped from filing for class certification because the issue before the bankruptcy court was materially different from the one that was litigated to final judgment by the United States District Court for the Southern District of Texas. Krim also argues that the bankruptcy court erroneously found that his

10

complaint failed to properly state a cause of action for securities fraud, common law fraud, and breach of fiduciary duty.

For the reasons stated below, we affirm the conclusions and findings of the bankruptcy court.

## BACKGROUND

Claimant Jerry Krim seeks to represent a class of persons who purchased equity securities in First City Bancorporation of Texas, Inc. ("First City") during the period between April 19, 1988 and October 30, 1992. On July 16, 1990, Krim filed his first complaint in the United States District Court for the Southern District of Texas on behalf of the class against officers and directors of First City and First City's financial advisor. Three days later, on July 19, 1990, Krim bought securities in First City for the first time. The complaint alleged violations of §§ 10(b), 10(b)5, and 10(b)20 of the Securities Exchange Act, §§ 11, 12(2) and 15 of the Securities Act, and common law fraud. After filing his first complaint, Krim filed several amended complaints. In 1991, the United States District Court for the Southern District of Texas denied Krim's motion for class certification based on a finding that Krim did not sufficiently represent the interests of the class because there were some defenses applicable to Krim that may not have been applicable to other class members. Specifically, the district court found on three different occasions that Krim did not purchase his shares in First City until three days after filing the lawsuit. Consequently, the court ruled that Krim could not establish the element of reliance necessary to proving a claim for fraud.

It was not until Krim filed his Seventh Amended Class Action Complaint ("Seventh Amended Complaint") on October 21, 1997 that Keck, Mahin, & Cate and Landan were named as defendants. In this Seventh Amended Complaint, First City was not named as a

2

defendant. Keck, through its former partner Henry Landan, served as legal counsel to First City during the period that the members of the proposed class purchased the securities. In 1995, Landan and an officer of First City were convicted of bank fraud, conspiracy, money laundering and other related charges. While Keck had replaced First City as the defendants in Krim's claim, the allegations of securities fraud and common law fraud remained the same. On March 10, 1998, Keck was severed from the district court action because of an intervening bankruptcy.

On May 11, 1999, Krim filed a class proof of claim against Keck in the bankruptcy court claiming $1 billion for securities fraud, fraud, and breach of fiduciary duty. Apparently, Krim sought to remedy his deficiency in representing the class by changing defendants. In his action against Keck, Krim claimed that because Landan's criminal acts occurred during and after the time that he purchased the securities, it would have been impossible for him to know of Landan's wrongdoing when he purchased his shares.

In the bankruptcy court, Keck moved for dismissal arguing that Krim failed to state a claim upon which relief could be granted for securities fraud and common law fraud, and failed to show any evidence of a fiduciary relationship between Keck and the shareholders of First City. Keck also argued that collateral estoppel should bar Krim from once again attempting to certify the class. The bankruptcy court granted the motion to dismiss.

## DISCUSSION

The federal district courts have appellate jurisdiction in bankruptcy proceedings as provided for in 28 U.S.C.A. § 1334(a). Furthermore, in its appellate role, the district court is bound to pay great deference to the factual findings of the bankruptcy court unless those findings are "clearly erroneous...." Fed.R.Civ.P. 52(a). The district court will, however,

review the conclusions of law of the bankruptcy court de novo. In re Cult Awareness Network, Inc., 151 F.3d 605, 607 (7th Cir.1998).

I. COLLATERAL ESTOPPEL

The bankruptcy court held that Krim faced an "insurmountable obstacle" when confronted with the Keck's defense of collateral estoppel. In re Keck, Mahin, & Cate, 237 B.R. 430, 434 (1999). The doctrine of collateral estoppel dictates that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction…cannot be disputed in a subsequent suit between the same parties or their privies…." Montana v. United States, 440 U.S. 147, 153 (1979). In order for collateral estoppel to apply: "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated to final judgment; (3) the determination must have been essential to the final judgment; and, (4) the party against whom estoppel is invoked must have been fully represented in the prior action." Klingman v. Levinson, 831 F.2d 1292 (7th Cir. 1987). In this case, the bankruptcy court found that Krim purchased his shares in First City three days after filing his initial class complaint. Because Krim had been denied class certification on four previous occasions by the District Court of Texas as a result of this same factual finding, the bankruptcy court estopped Krim from moving for class certification once again.

Krim argues that the issue before the bankruptcy court was not the same matter that was litigated to final judgment in the Texas district court. Krim now contends that, even if he did purchase his shares after filing the original complaint, his July 19, 1990 purchase was made during the time that Henry Landan was still involved in criminal activity. Keck argues,

4

and the bankruptcy court found, that Landan had ceased committing his criminal acts in June of 1990. Krim insists that this factual finding is clearly erroneous. We disagree.

It does seem that Krim purchased his securities *after* Henry Landan committed his various acts of fraud. However, assuming arguendo that he did purchase his securities before the end of the period when Landan committed his crimes, Krim still fails to show reliance on any such fraudulent acts. On three occasions, the United States District Court for the Southern District of Texas found that Krim could not have relied on the fraudulent statements made by First City and its agents because he purchased his securities three days after filing his original complaint. The bankruptcy court ruled properly in collaterally estopping Krim from attempting to litigate that issue once again.

Thus, the bankruptcy court's ruling on the collateral estoppel issue is affirmed.

II. <u>FAILURE TO STATE A CLAIM FOR SECURITIES FRAUD</u>

The bankruptcy court ruled that Krim failed to state a claim upon which relief could be granted for securities fraud. The court found that Krim's Seventh Amended Complaint "does not allege, or even attempt to allege, a claim for securities fraud against the Debtor." <u>In re Keck</u>, 237 B.R. at 436. The Seventh Amended Complaint alleges various counts of fraud and securities fraud, yet the complaint never specifically mentions any wrongdoing committed by Landan or Keck. In the Seventh Amended Complaint, Krim alleges only that the wrongdoing committed by Keck, through its partner Landan, is incorporated *by reference* in Counts I and II of the complaint. Furthermore, the complaint contains no allegations that Keck or Landan "were involved in the promulgation of allegedly fraudulent statements." <u>In re Keck</u>, 237 B.R. at 436.

5

Federal Rule of Civil Procedure 9(b) clearly states that, in actions for fraud, "the circumstances constituting fraud...shall be stated with particularity." It is well established that "Rule 9(b) governs the pleading of [Securities Exchange Act] section 10(b) and rule 10(b)5 claims." Tomera v. Galt, 511 F.2d 504, 508 (7th Cir. 1975), rev'd. on other grounds, Short v. Belleville Mfg. Co., 908 F.2d 1385 (7th Cir. 1990); Smith v. Ayres, 845 F.2d 1360, 1365 (5th Cir. 1988), cert. denied, 508 U.S. 910 (1993). The phrase "circumstances constituting fraud" in Rule 9(b) has been interpreted to require that the plaintiff's complaint clearly state "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1992).

We find that the bankruptcy court did not commit error in finding that Krim had failed to properly state a claim for securities fraud in the Seventh Amended Complaint. Indeed, Krim's own statement that the alleged wrongdoing of Keck and Landan is incorporated "by reference" in the complaint suggests that the particularity requirement of Fed.R.Civ.Pro. 9(b) was not sufficiently satisfied. This deficiency alone is enough to dismiss Krim's securities fraud action. Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923-24 (7th Cir. 1992).

Krim fails to provide any evidence that either Keck or Landan made any false representations to him or the members of the class. In fact, Keck and Landan dealt only with First City and it's officers. There is no evidence that they had any dealings with the shareholders at all. Without such direct communication, any hope that Krim might harbor of bringing an action against Keck or Landan for securities fraud surely vanishes.

Because of his failure to plead his claim with sufficient particularity and his failure to show any evidence of an actual misrepresentation, we find that the bankruptcy court properly concluded that Krim failed to state a claim upon which relief could be granted for securities fraud.

### III. BREACH OF FIDUCIARY DUTY

Krim fails to establish any connection between Keck and Landan and the shareholders of First City. Krim asserts that Keck breached its fiduciary duty to First City when it failed to properly supervise its partner Henry Landan while he committed various crimes related to securities fraud. However, Krim offers no evidence to suggest that Keck owed a fiduciary duty to the shareholders. Krim discusses at length the criminal activity of Henry Landan and how his behavior caused him and the members of his class to suffer financial detriments. Keck may or may not have breached its fiduciary duty to First City, but it is not the task of this Court to make that determination. Krim seems to suggest that the Court should infer a fiduciary relationship between Keck and the shareholders as the natural byproduct of the duty that Keck owed to First City. We are unwilling to make such an inference.

Texas law requires that there must be an underlying attorney-client relationship in order for a party to have the standing to assert a claim for breach of fiduciary duty. See Safeway Managing General Agency, Inc. v. Clark & Gamble, 985 S.W.2d 166 (Tex. App. 1998); See also Thompson v. Vinson & Elkins, 859 S.W.2d 617 (Tex. App. 1993). No such relationship existed between the shareholders of First City and Landan or Keck. As the bankruptcy court correctly observed, "Mr. Landan was merely an attorney for the corporation…and his wrongful acts did not directly involve the shareholders." In re Keck,

237 B.R. at 436. Indeed, Landan's criminal acts only damaged the financial interests of Krim and the shareholders inasmuch as they contributed to the larger scheme of fraud committed by the officers of First City. As such, Krim has failed to show any evidence in support of his claim that Landan and Keck breached a fiduciary duty to him or to the members of his class.

As a shareholder of First City, Krim could have filed a derivative action against Keck for breaching its fiduciary duty to First City. See Fed.R.Civ.P. 23.1. However, as the bankruptcy court properly concluded, any claim that First City had against Keck for breach of fiduciary duty became part of Keck's bankruptcy estate and is now subject to the confirmed plan in that case. See 11 U.S.C. § 1141 (a). Thus, any opportunity that Krim may have had to bring an action against Keck for breach of fiduciary duty as a derivative action is now gone.

Therefore, we hold that the bankruptcy court concluded properly that Krim lacked standing to assert a claim of breach of fiduciary duty against Keck.

IV. COMMON LAW FRAUD

Although the bankruptcy court never specifically discussed the merits of Krim's allegations of common law fraud, the claims were in effect dismissed when the court dismissed Krim's proof of claim entirely. Krim contends that the court erred in dismissing these claims.

The fraud claims are based on Krim's assertion that Keck failed to disclose to First City that Henry Landan was participating in an illegal scheme to commit bank fraud with one of First City's officers. Krim argues that Keck's legal representation of First City constituted a fraudulent representation to shareholders that First City had adequate legal

representation—a representation which Krim claims was false. Krim contends that this issue of adequate representation would be a material fact to a potential investor. Consequently, Krim claims that Keck's failure to disclose that First City did not have adequate legal counsel constitutes a false representation upon which he relied when purchasing his securities.

To bring a claim for fraud in Texas, a plaintiff must show the existence of: (1) a material representation; (2) that was false; (3) that was known to be false or made recklessly without knowledge of its veracity; (4) with intent that the representation be relied upon; (5) was relied upon; (6) and caused injury. Roberts v. United New Mexico Bank at Roswell, 14 F.3d 1076, 1078 (5th Cir. 1994). Also, it is well established that the failure to disclose a material fact can serve as the equivalent of a false representation. American Tobacco Co. v. Grinnell, 951 S.W.2d 420, 436 (Tex. 1997).

However, in order for a party's failure to disclose a material fact to constitute a false representation, the silent party must have an underlying duty to disclose facts to the party claiming fraud. Id. Just as in the argument for a breach of fiduciary duty, Krim fails to show that Keck owed a duty to disclose anything to the shareholders of First City. Any misrepresentation or failure to disclose by Keck would have been made to First City, not the shareholders. The only party that Keck owed a duty to disclose to was its client, First City. Without evidence of a duty to disclose or any false representation made directly to the shareholders by Keck, Krim cannot establish a claim for common law fraud.

Therefore, the bankruptcy court's dismissal of Krim's claim for common law fraud is affirmed.

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court granting Keck, Mahin & Cate's motion to dismiss claimant Jerry Krim's proof of claim and denying the motion for class certification is hereby affirmed.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Wayne R. Andersen
　　　　　　　　　　　　　　　　　　　　　Judge

Dated: September 26, 2000